# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | **Criminal Action No.:  2:21-CR-9** <br> **(JUDGE KLEEH)** |
| **GARRY WILLIAM MORAN, II,** | |
| **Defendant**. | |

## REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of considering the record, the Information, and the proposed plea agreement in this matter, and conducting a hearing and entering into the record a written report and recommendation memorializing the disposition of Defendant's guilty plea, pursuant to Federal Rule of Criminal Procedure 11. Defendant, Garry William Moran, II, by video and by Counsel, L. Richard Walker, appeared before me on June 8, 2021 for an Initial Appearance, Arraignment, and Plea Hearing to an Information. The Government appeared by Assistant United States Attorney, Stephen D. Warner.

During the hearing, the Court gave notice to the Government's attorney that pursuant to the Due Process Protections Act of 2020, the Court reminds counsel that under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, failing to disclose favorable evidence to the accused violates due process where the evidence is material either to guilt or punishment. Further, the Court noted that consequences for a Brady violation can include, but are not necessarily limited to, a vacated conviction and disciplinary actions against the prosecutor. The Court gave written notice to this effect to counsel and **ORDERED** the same filed herein. [ECF No. 7].

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count

One and Count Two of the Information.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath and inquiring into Defendant's competency. The Court determined Defendant was competent to proceed with the Rule 11 plea hearing and cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea. Defendant tendered to the Court a written Waiver of Article III Judge and Consent to Enter Guilty Plea before Magistrate Judge. The waiver and consent was signed by Defendant, countersigned by Defendant's counsel, and concurred by the signature of the Assistant United States Attorney.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of an Article III Judge and consent to enter a guilty plea before a Magistrate Judge was freely and voluntarily given. Additionally, the Court finds that the written waiver and consent was freely and voluntarily executed by Defendant Garry William Moran, II only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record. [ECF No. 8].

The Court inquired of Defendant and Defendant's Counsel as to Defendant's knowledge and understanding of Defendant's constitutional right to proceed by indictment, the voluntariness of Defendant's consent to proceed by Information and of Defendant's waiver of the right to proceed by indictment. Defendant and Defense Counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged Defendant's voluntary waiver of this right to proceed by indictment and Defendant's agreement to voluntarily proceed by Information. Defendant also executed a written waiver of the same. [ECF No. 9]. The Court **ORDERED** the written waiver to indictment filed and made a part of the record.

Thereafter, the Court determined that Defendant's plea was pursuant to a written plea agreement and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that a prior written plea agreement had been offered to Defendant in the underlying case of 2:19-CR-29-1; however, after receiving information favorable to the Defendant, showing he was less culpable than originally believed, the Government offered this subsequent plea agreement to Information to the Defendant which he accepted. Defendant and his counsel confirmed the same on the record. The Court asked counsel for the Government to summarize the written plea agreement. During the summary, counsel for the Government acknowledged a case number needed to be added to the top of the original written plea agreement and acknowledged that he would add his signature on behalf of Assistant United States Attorney Brandon S. Flower at the bottom of the plea agreement. With the consent of all parties, counsel for the Government added the case number and his signature to the plea agreement tendered to the Court.

Counsel for Defendant and Defendant stated that the agreement as amended and as summarized by counsel for the Government was correct and complied with their understanding of the agreement. Counsel for the Defendant also represented to the Court that his fellow Federal Public Defender Elizabeth B. Gross also spoke with Defendant about the plea agreement in this matter and assisted in ensuring Defendant understood the terms therein. The undersigned further inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement. The Court **ORDERED** the written plea agreement filed and made a part of the record. [ECF No. 10].

The undersigned then reviewed with Defendant Count One of the Information and the elements the Government would have to prove, charging him in Count One of the Information with Conspiracy to Possess with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(C). [ECF No. 1].

The undersigned also reviewed with Defendant Count Two of the Information and the elements the Government would have to prove, charging him in Count Two of the Information with Possession of Counterfeit Obligations, in violation of Title 18, United States Code, Sections 472. [ECF No. 1].

Subsequently, Defendant Garry William Moran, II pled **GUILTY** to the charges contained in Count One and Count Two of the Information. However, before accepting Defendant's plea, the undersigned inquired of Defendant's understanding of the charges against

him, inquired of Defendant's understanding of the consequences of him pleading guilty to the charges, and obtained the factual basis for Defendant's plea.

The Government proffered a factual basis for the plea. Neither Defendant nor Defendant's counsel did not dispute the proffer when given the opportunity to do so. Additionally, Defendant provided a factual basis for the commission of the offense. The undersigned Magistrate Judge concludes the offense charged in Count One and Count Two of the Information are each supported by an independent basis in fact concerning each of the essential elements of such offense, and that independent basis is provided by the Government's proffer.

The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the charges contained in Count One of the Information and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count One was imprisonment of not more than twenty (20) years, a fine of not more than $1,000,000.00, or both, and a term of three (3) years of supervised release.

The undersigned also reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the charges contained in Count Two of the Information and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and that the possible statutory maximum sentence which could be imposed

upon his conviction or adjudication of guilty on Count Two was imprisonment of not more than twenty (20) years, a fine of not more than $250,000.00, or both, and a term of three (3) years of supervised release.

Defendant also understood that the Court would impose a total special mandatory assessment of $200.00, $100.00 for each felony offense, payable within forty (40) days following the entry of this plea. Defendant further understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood that he might be required by the Court to pay the costs of his incarceration, supervision, and probation. Defendant also understood that he agreed to forfeit and abandon any right to any and all property seized during the course of this case investigation, including but not limited to an HP Office printer, Model 4652, Serial Number F1H9-80048 and $175.00 in United States currency.

The undersigned also reviewed with Defendant his waiver of appellate and collateral attack rights. Defendant understood that he was waiving his right to appeal his conviction and sentence to the Fourth Circuit Court of Appeals on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742. Defendant further understood that under his plea agreement, he was waiving his right to challenge his conviction and sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255. Defendant understood, however, that he was reserving the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct that he learned about after the plea hearing and agreed that he was unaware of any ineffective assistance of counsel or prosecutorial misconduct in his case at this time. From the foregoing, the undersigned determined that Defendant understood

his appellate rights and knowingly gave up those rights pursuant to the conditions contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea agreement and determined the entry into said written plea agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea agreement and determined that Defendant understood, with respect to the plea agreement and to Defendant's entry of a plea of guilty to the charges contained in Count One and Count Two of the Information. The undersigned Magistrate Judge informed Defendant that he would write the subject Report and Recommendation, and that a pre-sentence investigation report would be prepared for the District Court by the probation officer attending. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the charge under Count One and Count Two of the Information. Only after the District Judge had an opportunity to review the pre-sentence investigation report would the District Judget make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained

in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his guilty plea accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated that his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, but that he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant, Garry William Moran, II, with the consent of his counsel, L. Richard Walker, proceeded to enter a verbal plea of **GUILTY** to the charge in Count One and Count Two of the Information.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to

voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, as to Count One and Count Two of the Information; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalties to which he would be exposed for Count One and Count Two of the Information; Defendant made a knowing and voluntary plea of guilty to Count One and Count Two of the Information; and Defendant's plea is independently supported by the Government's witness, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to Count One and Count Two of the Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The parties advised the Court on the record that the matter of Defendant's detention has already been fully addressed in the underlying case. [Case No. 2:19-CR-29-1, ECF No. 114]. Counsel for the Government indicated they would move for his continued detention based upon the Court's prior Order. Counsel for Defendant indicated there was no objection from the Defendant at this time regarding his continued detention. Accordingly, the undersigned Magistrate Judge adopts and incorporates the prior Order detaining Defendant and **ORDERS** that the Defendant be **REMANDED to the custody of the U.S. Marshal Service.** [Case No. 2:19-CR-29-1, ECF No. 114].

Any party shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such**

**objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted on June 8, 2021.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE